UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JAVIER RAPPARD, on behalf of
himself and other similarly situated,

        CASE NO.:

    Plaintiff,
v.

DGD TRANSPORT, L.L.C. a Limited
Liability Company, and LUIS LOPEZ,
Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAVIER RAPPARD, ("**Plaintiff**"), on behalf of himself and others similarly situated, by and through their undersigned counsel, file this Complaint against Defendants, DGD TRANSPORT, L.L.C., a Limited Liability Company ("**DGD Transport**"), and LUIS LOPEZ, individually ("**Lopez**" and together with **DGD**, "**Defendants**") and state as follows:

## INTRODUCTION

1. This is an action for failure to pay minimum wage and overtime wages pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 206 and 207(a).

2. Section 6 of the FLSA requires payment of at least federal minimum wage for all weeks worked.

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work

week. 29 U.S.C. § 207(a).

4. Defendants have violated the FLSA by misclassifying Plaintiff and those similarly situated as "independent contractors" and refusing to pay them both minimum wage and time and one-half for overtime.

## JURISDICTION

5. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "**FLSA**") to: (i) recover at least the statutory minimum wage for all hours worked; (ii) unpaid overtime wages; (iii) recover an additional equal amount as liquidated damages; and (iv) recover reasonable attorney's fees and costs.

6. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

7. Venue is proper as the acts and omissions giving rise to Plaintiffs' claims occurred in Miami-Dade, Florida.

## PARTIES

8. At all times material hereto, Javier Rappard, was a resident of Miami-Dade County, Florida.

9. At all times material hereto, DGD Transport, L.L.C., was a Florida Limited Liability Company, and maintained its principal place of business in Miami-Dade County, and engaged in business in Florida. DGD Transport, L.L.C., can be served with process upon its registered agent, Luis Lopez, at 475 Brickell Avenue, #4815, Miami, Florida 33131.

10. At all times material hereto, Luis Lopez, was a resident of Miami-Dade County, Florida, and can be served with process at 475 Brickell Avenue, #4815, Miami, Florida 33131.

11. At all times material hereto, Lopez operated DGD Transport.

12. At all times material hereto, Lopez regularly held and/or exercised the authority to hire and fire employees of DGD Transport.

13. At all times material hereto, Lopez regularly held and/or exercised the authority to determine the work schedules for the employees of DGD Transport.

14. At all times material hereto, Lopez regularly held and/or exercised the authority to control the finances and operations of DGD Transport.

15. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of DGD Transport; (b) determine the work schedules for the employees of DGD Transport; and (c) control the finances and operations of DGD Transport, Lopez is an employer as defined by 29 U.S.C. 201 *et. seq.*

16. DGD Transport is a third party logistics ("3PL") company that provides outsourced logistics or distribution and fulfillment services, located in the "heart of Miami Dade County" at 1325 NW 78th Avenue, Suite 104, Doral, Florida 33126. http://www.dgdtransport.com/.

17. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of section 7 of the FLSA.

18. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

19. At all times material hereto, Plaintiff, was a night watchman, and was classified as

an "independent contractor" by Defendants.

20. The additional persons who may become Plaintiffs in this action are employees of Defendants who are also similarly situated and were not paid wages owed to them.

21. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

22. At all times hereto, Plaintiff was engaged in the "production of goods or service for commerce" and subject to the individual coverage of the FLSA.

23. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

24. At all times material hereto, Defendant(s) was an "employer" within the meaning of the FLSA, and Defendant(s) continue to be an "employer" within the meaning of the FLSA.

25. At all times material hereto Defendant(s) was and continues to be "engaged in commerce" within the meaning of the FLSA.

26. At all times material hereto, Defendant(s) was, and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

27. Based upon information and belief, the annual gross revenue of Defendants, were in excess of $500,000.00 per annum during the relevant time periods.

28. At all times material to this action, Defendants advertised on the internet, processed credit cards from out of state patrons, communicated via mail, email, and telephone with their out of state patrons, and provided 3PL services in and out of state for its national and international clientele related to its business here in Miami-Dade County.

29. At all times material hereto, Defendant(s) employed at least two or more

employees who regularly handled, sold or otherwise worked with goods or materials that had once moved through interstate commerce, during the performance of their duties.

## STATEMENT OF FACTS

30. Defendants operate a 3PL entity that facilitates distribution and fulfillment services on behalf of other companies in and out of the State of Florida.

31. Defendants misclassified Plaintiff as an independent contractor from the inception of his employment.

32. Defendants hired Plaintiff Javier Rappard in or around or November 2014, to work as a night watchman. In this capacity, he was paid an hourly rate of $10.00.

33. As night watchman, Plaintiff's job duties included, but were not limited to, making rounds, checking-in and checking out drivers at the gate, and maintaining the property safe and secure.

34. While employed as a night watchman, Plaintiff did not supervise two or more full time employees of Defendants.

35. Plaintiff did not have the ability to negotiate his rate(s) of pay.

36. Plaintiff did not negotiate his rate(s) of pay, rather Plaintiff's rate(s) of pay was pre-set by Defendants.

37. Plaintiff was required to follow all of Defendants' company policies and procedures.

38. Defendants determined Plaintiff's work schedule from approximately November 2014, until the termination of the Plaintiff's employment, in or around April 2016.

39. Defendants provided all of the supplies necessary for Plaintiff to perform his work.

40. Plaintiff was not incorporated or otherwise in business for himself during the time that he performed work for Defendants.

41. If Plaintiff wished to take a day off, he was required to request permission from Defendants.

42. Until his termination, Plaintiff did not generate any of his own work as night watchman; rather, he received his assignment from Defendants.

43. Plaintiff's opportunity for profit or loss did not depend on his individual entrepreneurial skills.

44. The work performed by Plaintiff was essential and integral to Defendants' 3PL business.

45. During Plaintiff's employment, Plaintiff's direct supervisor(s) worked for Defendants.

46. Defendants controlled the way in which Plaintiff performed his work, by instructing Plaintiff in the way Defendants wanted the work performed.

47. Defendants set rules and guidelines governing Plaintiff's employment, including but not limited to, hours of work, Plaintiff's rate of pay, and paid time off.

48. Plaintiff did not have the ability to alter or change the terms of his employment.

49. Plaintiff was economically dependent upon Defendants for his livelihood from approximately November 2014 through April 2016.

50. Specifically, Plaintiff earned 100% of his income from Defendants between approximately November 2014 through April 2016.

51. Defendants knew or should have known that Plaintiff was economically dependent on Defendants and not in business for himself, as he routinely worked over 40 hours per week for Defendants.

52. During the time he worked for Defendants, Plaintiff regularly worked more than forty (40) hours in a workweek.

53. In various weeks during his employment, continuing through approximately April 2016, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

54. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA, in weeks in which he performed work for Defendants.

55. In various weeks during his employment, continuing through approximately April 2016, Defendants failed to pay Plaintiff at least the federal minimum wage for all weeks worked.

56. Defendants are in possession of the majority of the records reflecting the amounts paid and the actual hours worked by Plaintiff.

57. The additional persons who may become Plaintiffs in this action also "worked" for Defendants as hourly paid employees while misclassified as independent contractors, worked under the same terms and conditions, and pursuant to the policies, practices, and procedures applicable to Plaintiffs, and were denied proper overtime compensation for overtime hours due to these policies, practices and procedures, including the policy and practice of misclassifying employees as independent contractors.

58. Defendants have violated Title 29 U.S.C. §206 and §207 from at least November

2014 through April 2016, in that:

  A. Plaintiff, and those similarly situated, worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants;

  B. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA due to the policies and practices described above; and

  C. Defendants' failed to pay Plaintiff at least minimum wage for all hours worked in violation of the FLSA; and

  D. Defendants have failed to maintain proper time records as mandated by the FLSA.

59. Upon information and belief, Defendants did not rely upon any written administrative regulation, order, ruling, approval or interpretation of the Department of Labor Wage and Hour Division in creating Plaintiff's pay structure.

60. Defendants knew or should have known with reasonable diligence that its conduct violated the Fair Labor Standards Act or was in reckless disregard for its provisions. As such, Defendants' violation of the law was willful.

61. Plaintiff has retained the law firm of Morgan & Morgan, P.A., to represent Plaintiff in the litigation and have agreed to pay the Firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

62. Plaintiff realleges and reavers paragraphs 1 through 61 of the Complaint as if fully

set forth herein.

63. Plaintiff was an employee of Defendants.

64. Defendants were Plaintiff's employers as defined by the FLSA.

65. Defendant, DGD Transport, is a covered enterprise as defined by the FLSA.

66. Plaintiff regularly worked in excess of forty (40) hours per week for Defendants.

67. Plaintiff is entitled to one and one half times his regular hourly rate for all hours worked over forty (40) in each week during which he worked as a night watchman for Defendants.

68. Defendants failed to pay Plaintiff time and one half his regular hourly rate for all hours worked in excess of forty (40) in each week in which he worked as night watchman for Defendant.

70. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when it knew, or should have known, such was, and is, due.

71. Defendants failed to properly disclose or apprise each Plaintiff of Plaintiff's rights under the FLSA.

72. Due to the intentional, willful, and unlawful acts of Defendants, each Plaintiff, and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

73. At all times material hereto, Defendants failed, and continues to fail, to maintain

proper time records as mandated by the FLSA.

74. Based upon information and belief, Plaintiff was not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Defendants have failed to properly pay Plaintiff, proper overtime wages at time and one-half their regular rate of pay for such hours.

75. Plaintiff routinely worked more than 40 hours a week without being paid adequate overtime compensation by Defendants.

76. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendant has failed to properly pay Plaintiff proper overtime wages at time and one-half of the lawful regular rate of pay for such hours, pursuant to a policy, plan or decision equally applicable to similarly situated employees.

77. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF MINIMUM WAGE COMPENSATION

78. Plaintiff re-alleges and incorporates paragraphs 1 through 61 of the Complaint as if fully set forth herein.

79. Plaintiff was entitled to be paid the applicable federal/Florida minimum wage for each workweek Plaintiff worked during Plaintiff's employment with Defendant. *See* 29 C.F.R. 778.5.

80. Defendants failed to pay Plaintiff the applicable minimum wage for each hour Plaintiff worked for Defendants.

81. Plaintiff has demanded proper compensation from one or more weeks of work with

Defendant, but Defendants have refused and/or failed to compensate Plaintiff for same. As a result of Defendant's actions in this regard, Plaintiff has not been paid the applicable minimum wage during one or more weeks of his employment with Defendants. As a result of Defendant's actions in this regard, Plaintiff has not been paid the applicable minimum wage for each hour worked during one or more weeks of employment with Defendants.

82. Defendants had specific knowledge it was paying sub-minimum wage to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

83. Defendants willfully failed to pay Plaintiff the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. §206.

84. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

## COUNT III
## RECOVERY OF MINIMUM WAGES (Florida Constitution)

85. Plaintiff re-alleges and incorporates paragraphs 1 through 61 of the Complaint as if fully set forth herein.

86. Plaintiff was entitled to be paid minimum wages for each week worked during employment with Defendant.

87. Plaintiff was not paid the proper minimum wage, pursuant to Article X, Section 24 of the Florida Constitution.

88. Defendants willfully failed to pay Plaintiff minimum wages for one or more weeks during Plaintiff's employment contrary to Article X, Section 24 of the Florida Constitution.

89. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

90. Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida minimum wage and an equal amount as liquidated damages.

91. Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully request:

   a. A declaration be entered, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA and/or Article X, Section 24 of the Florida Constitution;

   b. Conditional certification, pursuant to Section 216(b) of the FLSA, of Defendants' employees, who were misclassified as independent contractors and who performed labor in furtherance of Defendants 3PL business, and worked over 40 hours in one or more workweeks;

   c. An Order permitting Notice to all potential class members;

   d. Entry of a judgment awarding:

      i. Plaintiff minimum wages for each hour worked during an applicable work week in which he was not compensated appropriately;

      ii. Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week,

      iii. Plaintiff liquidated damages in an amount equal to the overtime award and minimum wage award,

      iv. Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b) and or Article X, Section 24 of the Florida Constitution;

      v. Awarding Plaintiff pre-judgment interest; and

   e. Any such other and further the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 19th day of December, 2016.

Respectfully submitted,

**MORGAN & MORGAN, P.A**.

By: /s/ Paul M. Botros
    Paul M. Botros, Esq.
    Florida Bar No.:63365
    600 N. Pine Island Rd., Suite 400
    Plantation, Florida 33324
    Telephone: (954) 318-0268
    Facsimile: (954) 333-3517
    E-mail: PBotros@forthepeople.com
    *Trial Attorneys for Plaintiffs*